OSCN Found Document:MITTS v. STAMPS

OSCN navigation

Home

Courts

Court Dockets

Legal Research

Calendar

Help

Previous Case

Top Of Index

This Point in Index

Citationize

Next Case

Print Only

MITTS v. STAMPS2015 OK CIV APP 7Case Number: 111860Decided: 12/15/2014Mandate Issued: 01/23/2015DIVISION IITHE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2015 OK CIV APP 7, __ P.3d __

BERNICE T. MITTS, Plaintiff/Appellant,v.MARK STAMPS, et
al., Defendants/Appellees.

APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY, OKLAHOMA
HONORABLE DANA KUEHN, TRIAL JUDGE

VACATED AND REMANDED WITH INSTRUCTIONS

Ronald D. Cates, Tulsa, Oklahoma, for Plaintiff/AppellantDamon E. Sacra,
SACRA LAW PLLC, Tulsa, Oklahoma, for Defendants/Appellees

P. THOMAS THORNBRUGH, JUDGE:
¶1 Bernice T. Mitts appeals the district court's order disqualifying her
attorney, Jeff Stephens, and the court's refusal to vacate that order. We find
that the mandatory hearing and findings required before counsel may be
disqualified did not take place. We vacate the order of the district court and
remand the matter for a hearing on whether Stephens should be disqualified.
BACKGROUND
¶2 This case began in the small claims court as a forcible entry and detainer
action filed by Stephens on Mitts' behalf against Defendant Mark Stamps. On
September 27, 2012, Stamps appeared at the small claims hearing, apparently
without counsel. The small claims court granted judgment to Mitts. On October 5,
2012, Stamps, now represented by counsel, filed a motion to vacate. Stamps
argued that the matter had been improperly presented to the small claims court
as a forcible entry and detainer action, while it in fact involved a contract
for deed, placing the matter outside of the small claims court's jurisdiction.
He also complained that Mitts' attorney, Stephens, had previously given Stamps
legal advice and assisted Stamps in the purchase of the involved property. On
October 17, the small claims court vacated its judgment and sent the case for
re-assignment to a district judge.
¶3 On October 29, the case was re-assigned to a district judge. On January
22, 2013, Stamps filed an answer and counterclaim. He also filed a motion asking
the court to disqualify Stephens. On February 1, 2013, a new attorney, Ronald
Cates, made an entry of appearance on Mitts' behalf, seeking to extend the time
to answer Stamps' counterclaim. This appearance did not mention extending any
time to respond to the motion seeking to disqualify Stephens. No one filed a
response to Stamp's motion to disqualify. On February 14, the court ruled that
Stamps' motion to disqualify Stephens was "deemed confessed pursuant to District
Court Rule 4(e)", and that "the Motion is granted."
¶4 On March 6, 2013, Stamps filed a motion asking the court to disqualify
Cates, arguing that Cates was not acting as an independent counsel, but in
association with Stephens, and thus Stephens' disqualification should be imputed
to Cates. On March 14, 2013, Attorney Stephens (describing himself as Mitts'
"former attorney") filed a motion seeking to vacate the court's February 14
dismissal order. The motion was phrased as though attorney Stephens was the
moving party, and did not identify Stephens as representing Mitts.
¶5 On May 6, the court denied Stamps' motion to disqualify Cates because it
did not contain the required affidavit, and denied Stephens' motion to vacate
his disqualification. Mitts now appeals the disqualification of Stephens, and
the court's refusal to vacate it.1
STANDARD OF REVIEW
¶6 The standard of review for both denial of a motion for a new trial and
denial of a motion to modify or to vacate a final order or judgment is the same:
abuse of discretion. Capshaw v. Gulf Ins. Co., 2005 OK 5, ¶ 7, 107 P.3d 595. However, the
disqualification was not challenged on its merits, but on the basis that the
court's order is void as a matter of law for failure to hold a mandatory hearing
before disqualification. The abuse of discretion question is therefore settled
by our de novo review of the dismissal's legal and procedural validity.
Smith v. City of Stillwater, 2014 OK 42, ¶ 11, 328 P.3d 1192.
ANALYSIS
¶7 The Oklahoma Supreme Court has conferred a special procedural status on
motions to disqualify counsel. As the Court most recently re-affirmed in
Miami Bus. Servs., LLC v. Davis, 2013 OK 20, 299 P.3d 477, a trial court
considering such a motion must follow the procedure set forth in Piette v.
Bradley & Leseberg, 1996 OK
124, ¶ 2, 930 P.2d 183, and
Arkansas Valley State Bank v. Phillips, 2007 OK 78, 171 P.3d 899, before ruling whether
an attorney should be disqualified based on conflict of interest or improper
possession of confidential information. Miami Bus, ¶ 24. The trial
court must hold an evidentiary hearing, and then make a specific factual finding
in its order that the attorney either had, or did not have, knowledge of
material and confidential information. Id. Without such findings, we
cannot review the correctness of the courts' disqualification decision, or any
exercise of discretion in refusing to vacate the disqualification.
¶8 The district court relied on District Court Rule 4e (motion may be deemed
confessed if not responded to) and Rule 4h (motions may be decided by the court
without a hearing). We find no current case law holding that Miami Bus
and Piette place motions to disqualify counsel outside of the
provisions of Rule 4e and Rule 4h. Nevertheless, those decisions are clear that
the right to choose counsel is fundamental, and counsel cannot be disqualified
without the required hearing and findings, even when a disqualification motion
goes unanswered. We therefore remand this matter for a hearing consistent with
the Miami Bus decision.
CONCLUSION
¶9 The Supreme Court has mandated an evidentiary hearing before a court may
order a disqualification of counsel for a conflict of interest. District courts
cannot rely on Rule 4h when considering a motion to disqualify or Rule 4e when
such a motion goes unanswered. We therefore vacate the order disqualifying
counsel, and return this matter to the district court for hearing on Stamps'
motion to disqualify.

¶10 VACATED AND REMANDED WITH INSTRUCTIONS.

FISCHER, P.J., and RAPP, J., concur.

FOOTNOTES

1
Although these questions are mooted by our decision, we note that 1) although an
order disqualifying counsel is immediately appealable, the decision was never
reduced to the form of a an appealable order in this case, and was presented to
us as a minute order; 2) although Mitts appeals the refusal to vacate the
disqualification, Mitts did not file any motion to vacate the
disqualification in the district court. It was Stevens who filed the
motion, styling it on his own behalf, and stating that Stevens was not Mitts'
counsel at that time; and 3) it remains undetermined if Stevens had any
individual standing to appeal the disqualification
order.

Citationizer© Summary of Documents Citing This Document

Cite
Name
Level

None Found.

Citationizer: Table of Authority

Cite
Name
Level

Oklahoma Supreme Court Cases
 CiteNameLevel

 2005 OK 5, 107 P.3d 595, CAPSHAW v. GULF INSURANCE COMPANYDiscussed
 2007 OK 78, 171 P.3d 899, ARKANSAS VALLEY STATE BANK v. PHILLIPSDiscussed
 1996 OK 124, 930 P.2d 183, 67 OBJ 3566, Piette v. Bradley & LesebergDiscussed
 2013 OK 20, 299 P.3d 477, MIAMI BUSINESS SERVICES, LLC v. DAVISDiscussed
 2014 OK 42, 328 P.3d 1192, SMITH v. CITY OF STILLWATERDiscussed